**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4294

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT JAMES WALLACE,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Benson Everett Legg, Chief District Judge.
(CR-03-374-L)

Submitted: April 27, 2006                    Decided: May 1, 2006

Before NIEMEYER AND MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Elita C. Amato, Washington, D.C., for Appellant.  Rod J.
Rosenstein, United States Attorney, Charles J. Peters, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Robert Wallace pled guilty, pursuant to a written plea agreement, to conspiracy to distribute more than fifty kilograms of cocaine, in violation of 21 U.S.C. § 846 (2000). Wallace was sentenced following the Supreme Court's opinion in United States v. Booker, 543 U.S. 220 (2005). The district court applied the holding of Booker and sentenced Wallace to 262 months imprisonment. On appeal, Wallace claims that he was sentenced in violation of Booker because his sentence was unreasonable and the district court failed to fully account for all the factors enumerated in 18 U.S.C. § 3553(a) (2000). We affirm.

After the Supreme Court's decision in Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the applicable guideline range as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. If the sentence imposed is within the properly calculated guideline range, it is presumptively reasonable. United States v. Green, 436 F.3d 449, 2006 WL 267217, at *5 (4th Cir. Feb. 6, 2006).

Wallace's sentence was both within the guideline range of 262-327 months, and well within the statutory maximum of life imprisonment. See 21 U.S.C. § 841(b) (2000). Because the district

court appropriately treated the guidelines as advisory, and properly calculated and considered the guideline range and the relevant § 3553(a) factors, we find the sentence reasonable. See also United States v. Eura, 440 F.3d 625, No. 05-4437, slip op. at 11 (4th Cir. 2006) ("To establish reasonableness of a sentence, a district court need not explicitly discuss every § 3553(a) factor on the record."). Accordingly, we affirm Wallace's sentence.

We grant Wallace's motion for leave to file a pro se supplemental brief and find the issues he asserts therein without merit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED